IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Renate Postelmans, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER TO ANSWER AND ORDER** |
| vs. ) | **GRANTING MOTION TO SUBSTITUTE** |
| ) | **PARTY** |
| Oren Vallevik, ) | |
| ) | Case No. 1:24-cv-252 |
| Defendants. ) | |

This matter is before the court on initial review pursuant to 28 U.S.C. §1915(e)(2). The court finds that, for purposes of its initial review, Plaintiff has stated a claim for sexual assault against Oren Vallevik.

I.  **BACKGROUND**

    A.  **Case No. 1:18-cv-214**

Plaintiff Renate Evangeline Postelmans ("Postelmans") filed suit in the fall of 2018 against the City of Williston, North Dakota, the City of Williston's mayor, the City of Williston's police chief and police department, the Williams County State's Attorney, Whispers, Inc. ("Whispers"), and Oren Vallevik pursuant to 42 U.S.C. § 1983. Case No. 1:18-cv-214 at Doc. Nos. 1, 3, 4. She claimed that the aforementioned entities and/or individuals had violated her constitutional rights.

The court screened Postelmans' Complaint pursuant to 28 U.S.C. § 1915(e)(2). Id. at Doc. No. 8. In so doing, it concluded that the City, Vallevik, and Whispers were not state actors for the purposes of 28 U.S.C.§ 1983 and that Postelmans' claims against them were subject to dismissal. Id. It further concluded that Postelmans' claims against the City's mayor and police chief were subject to dismissal as they were redundant of the her claim against the City and that the Williams

County State's Attorney was immune from suit. Id. With respect to Postelmans' claims against the City, the court concluded it was deficient. Id.

On August 30, 2021, Postelmans filed an Amended Complaint in which she named Detective Dustin Celandar, in his official capacity, as the sole defendant. Id. at Doc. No. 11. Attached as exhibits to the Amended Complaint were two additional Complaints, hereafter referred to as Complaints 2 and 3, asserting different claims against different defendants based on different legal theories than those in her Amended Complaint. Id. at Doc. No. 11-2 and 11-2.[1]

On December 16, 2024, the court directing that Complaints 2 and 3 be opened as new cases effectively filed on the date Complaints 2 and 3 had been received. The Clerk's office subsequently opened Case Nos. 1:24-cv-251, in which it filed Complaint 2, and Case No. 1:24-cv-252, in which it filed Complaint No. 3. (Doc. No. 1).

**B.    Case No. 1:24-cv-252**

The following facts are taken from Postelmans' Complaint. For the purposes of this order, they are presumed to be true.

Postelmans started dancing at Whispers, a gentleman's club in Williston, North Dakota, on or about April 9, 2014. (Doc. No. 1 at p. 5). She had traveled from out-of-state to Williston to Whispers work for two to three weeks. (Id.). When in Williston, she rented a room at Whispers' dancers house, which was arranged as a dormitory "with either one to three other dancers residing in the same room." (Id.). Whispers charged dancers $200 per week to stay its dancer house. (Id.). It "assigned and placed someone to reside there to protect the girls and drive them back and forth

---

[1] Complaints 2 and 3 contain ostensibly the same statement of claim. However, they differ in the following respects. Complaint 2 names Whispers and some of its co-owners, including Oren Vallevik. Its focus arguably appears to be on claims for breach of contract and the negligence against the co-owners. Complaint 3 names only Oren Vallevik and appears more focused on his underlying conduct.

to the club at work." (Id.). "Vallevik was the one on the at time to be residing in the house with the girls and in charge of their safety." (Id.).

Postelmans returned to Williston on June 15, 2015, to dance at Whispers. She again resided at Whispers' dancers house. (Id.).

On the evening of June 28, 2015, Postelmans joined Oren Vallevik on a motorcycle ride. (Id.). Along their route, they stopped at multiple small-town bars and were joined by Dan Vallevik, a fellow dancer at Whispers, and others. (Id.). The group ended their ride at The Shop, a bar in Williston. (Id.) While at The Shop, Postemans and the other dancer stepped outside to smoke. (Id.).

Postelmans next recalled awakening back at the dancer's house while being sexually assaulted by Oren Vallevik. (Id. at p. 5, 8). She tried to flee, but Oren Vallevik blocked her exit. (Id. at pp. 8-9). She tried to text and call two other men but received no response. (Id.). She eventually persuaded Oren Vallevik to drive her to the Brooks Hotel. (Id. at p. 9). As the car was rolling into the hotel parking lot, she quickly exited Oren Vallevik's car and entered the hotel. (Id. at pp. 9-10). She apparently declined the hotel staff's offer to call the police. (Id. at p. 10). Oren Vallevik lingered outside for a time but eventually left. (Id.).

The following day, at another's urging, Postelmans sent a text to Vallevik saying they needed to talk. (Id.). The two eventually spoke over the telephone. According to Postemans, Vallevik stated, among other things, "they were drunk" and that "it" happened. (Id.)

Postelmans returned to Whispers that night and confided in a Whispers' employee about what had transpired between her and Oren Vallevik. (Id. at pp. 10-11). She later told a Whispers' manager, John Hinton, that she had been sexually assaulted by Oren Vallevik. (Id. at p. 11). Hinton

apparently acknowledged that Whispers "had problems with Vallevik in the past, but he didn't know to what extent." (Id.). Hinton advised that he would set up a meeting with all of the Whispers' owners. (Id.).

On July 2, Postelmans met with Dick, Hinton, and Grace Delling, one of Whispers' co-owners. (Id.). According to Postelmans, Delling: acknowledged that "the other club owners have had problems with Vallevik in the past touching girls and being inappropriate;" and (2) "promised . . . the other owners would take care of this problem with Vallevik." (Id. at p. 11-12).

Following the meeting, Postelmans returned to the dancers house, collected her belongings, and left. (Id. at p. 12). Days later, Thorpe, one Whispers' co-owners hand-delivered a letter to Postelmans a letter from Oren Vallevik and a sweater of hers that had been found at the dancers house. (Id.). Thorpe stated that he had spoken with Oren Vallevik, who had stated that he had he tried but failed to have sex with Postlemans. (Id.). Thorpe went on to state that "they had problems with Vallevik in the past but would not elaborate on what." (Id.).

Postelmans effectively initiated this action on August 30, 2021, with the filing of a Complaint. She does not explicitly articulate the legal theories on which her claim is based in the Complaint's "statement of claim." However, under the heading "relief," she states she is seeking to recover actual and punitive damages from Oren Vallevik for his "grossly negligent and intentional actions." (Doc. No. 1).

On November 25, 2024, Postelmans filed a Motion to Substitute Party. (Doc. No. 2). Advising that Oren Vallevik recently passed away, she requested that his estate and the trustee of his estate be substituted as parties in his place.

II.  **STANDARD OF REVIEW**

28 U.S.C. § 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . .  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); cf. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002) ("[T]he Federal Rules do not contain a heightened pleading standard for employment discrimination suits."). In applying the standard, the court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor.  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); Jones v. Douglas Cty. Sheriff's Dep't, 915  F.3d 498, 499 (8th Cir. 2019); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  On the other hand, the court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).  In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010).

III.  **DISCUSSION**

Postelmans uses the word negligence in her prayer for relief.  She also refers to Oren

Vallevik's intention conduct. In her statement of the claim, she does not explicitly articulate exactly the type of claim she is asserting. Rather, she describes the conduct forming the basis for claims and in so doing alleges that she was sexually assaulted by Oren Vallevik. Based on the facts alleged and statement that she seeks to hold Oren Vallevik liable for his intentional conduct, it is clear to the court that Postelmans' claim against Oren Vallevik is for sexual assault.

Having reviewed the Complaint, the court is not at this point prepared to conclude for the purposes of its initial review that Postelmans has failed to state a claim.[2]

## IV.    CONCLUSION

Postelmans shall be permitted to proceed with her claim for sexual assault against Oren Vallevik. Postelmans' motion to substitute a party (Doc. No. 2) is **GRANTED**. The Estate of Oren Vallevik and Daniel Vallevik as Personal Representative of the Estate of Oren Vallevik shall be substituted as the named Defendant. The Clerk's office shall effectuate service of this order, Postelmans' Complaint, and summons in accordance with Fed. R. Civ. P. 4.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2025.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court

---

[2] N.D.C.C. § 28-01-18(1) establishes a two-year statute limitations for claims of assault and battery. However, N.D.C.C. § 28-01-25.2 provides: "A claim for relief that resulted from sexual assault, sexual abuse, gross sexual imposition, or any other claim based on a sexual act or sexual contact as defined in chapter 12.1-20 must be commenced within nine years after the date of the act."