IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Renate Postelmans, | ) | |
| | ) | **ORDER GRANTING REQUEST FOR** |
| Plaintiff, | ) | **HEARING** |
| | ) | |
| vs. | ) | |
| | ) | |
| Estate of Oren Vallevick and Daniel | ) | |
| Vallevick, Personal Representative of the | ) | |
| Estate of Oren Vallevick, | ) | Case No. 1:24-cv-252 |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Motion for Default Judgment and request for a hearing filed on March 11, 2025. (Doc. No. 21). Plaintiff seeks default judgment on her Complaint against Defendants. Plaintiff is seeking compensatory damages of $6,578,862 for medical expenses, lost wages, lost custody of her children, lost property and investments, pain and suffering, and emotional distress. Plaintiff is also seeking unspecified punitive damages. Judge Traynor has referred Plaintiff's motion to the undersigned for preliminary consideration.

It appears that service was effectuated on or about February 3, 2025. (Doc. No. 15). Such service appears to be in compliance with Rule 4 of the Federal Rules of Civil Procedure. Defendants had twenty-one (21) days from the date of service to file an answer or otherwise file a responsive motion. See Fed. R. Civ. P. 12(a). To date, no answer has been filed nor any appearance made on behalf of the Defendants. Having failed to defend or otherwise appear, entry of default was filed by the Clerk of Court against the Defendants, on February 28, 2025, as required by Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 20).

Rule 55(b) of the Civil Rules of Procedure provides in relevant part the following with

respect to the entry of default judgment:

> (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Having reviewed Plaintiff's motion, the undersigned is inclined to convene a hearing to establish the truth of the allegation by evidence and to determine the amount of damages as there is a dearth of supporting documentation to support Plaintiff's request for $6,578,862 in compensatory damages.  Accordingly, the undersigned shall schedule a hearing for June 11, 2025, at 9:00 AM in Bismarck courtroom 2.  Plaintiff may appear at the hearing via video.  Instructions on how to connect to the courtroom via video are as follows.

> **Please connect to the meeting 5 to 10 minutes early to ensure the hearing begins on time.**
>
> Direct link to join from a computer or tablet: (mobile phone not recommended)
> https://meet.uc.uscourts.gov/meeting/292466149
>
> Manually connect from a computer or tablet:
> Use a web browser to go to:  https://meet.uc.uscourts.gov
> Click "Join a meeting".
> Enter the Meeting ID: 292466149
> Enter the Passcode if necessary.
> Click "Join meeting".

      Follow the on screen prompts:
      Enter your name.
      Verify Microphone and Cameras are working.
      Finally, click one last "Join meeting"

At least two days prior to the hearing, Plaintiff shall provide the undersigned the names of any witnesses she intends to call a copies of any evidence or exhibits she intends to introduce to establish the truth of her allegations and the amount of her damages. Following the hearing, the undersigned shall issue a Report and Recommendation for the Court's consideration. Upon issuance of the Report and Recommendation, Plaintiff shall be afforded fourteen days to file any objections.

      **IT IS SO ORDERED.**

      Dated this 9th day of May, 2025.

      /s/ *Clare R. Hochhalter*
      Clare R. Hochhalter, Magistrate Judge
      United States District Court